UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEPHTY CRUZ and MICHAEL BALLETTO, as TRUSTEES OF THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES HEALTH PLAN and THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES PENSION PLAN,

Plaintiffs,

-against-

TME BUILDING MAINTENANCE, INC.,

Defendant.

07 Civ.



**COMPLAINT**



Plaintiffs, by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for their complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act (1974), as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 ("Taft-Hartley Act"), by multiemployer health and pension benefit funds through their respective Boards of Trustees, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Plans. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Plans, Defendant violated its collective bargaining agreements

with the Union and the respective trust agreements with the funds, as well as committed violations of ERISA.

## JURISDICTION

2.  This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1). Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

3.  Nephty Cruz and Michael Balletto are the Trustees of the District 6 International Union of Industrial, Service, Transport and Health Employees Heath Plan, a multi-employer labor-management trust fund, organized and operated pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The District 6 International Union of Industrial, Service, Transport and Health Employees Heath Plan (the "Health Plan") is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Health Plan is administered at 730 Broadway, New York, New York 10003.

4.  Nephty Cruz and Michael Balletto are the Trustees of the District 6 International Union of Industrial, Service, Transport and Health Employees Pension Plan, a multi-employer labor-management trust fund, organized and operated pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The District 6 International Union of Industrial, Service, Transport and Health Employees Pension Plan (the "Pension Plan") is an employee benefit plan within the meaning of Sections

3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Pension Plan is administered at 730 Broadway, New York, New York 10003.

5. Upon information and belief, at all times relevant hereto, Defendant TME Building Maintenance, Inc. ("TME") was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, Defendant TME is a foreign corporation authorized to do business in New York and maintains its principal place of business at 504 Bloomfield Avenue, Montclair, New Jersey 07402.

## BACKGROUND

6. The Plaintiff Plans collectively provide health and pension benefits to members of District 6 International Union of Industrial, Service, Transport and Health Employees (the "Union").

7. Defendant TME is signatory to the Collective Bargaining Agreement with the Union establishing the terms and conditions of employment for Defendant's employees performing work covered by the Collective Bargaining Agreement within the geographical jurisdiction of the Union.

8. Pursuant to the Collective Bargaining Agreement, Defendant TME agreed to pay to the Plaintiff Plans benefit contributions and to forward dues checkoffs to the Union for each hour worked by employees covered by the Collective Bargaining Agreement.

9. Upon information and belief, Defendant TME employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

10. Defendant TME has not fulfilled its statutory and contractual obligations to pay the required health and/or pension benefit contributions to the Plaintiff Plans on behalf of employees who perform work covered by the Collective Bargaining Agreement and to cooperate in the performance of audits.

## FIRST CLAIM FOR RELIEF

11. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 10 hereof. As a result of work performed by individual employees of Defendant TME, pursuant to the Collective Bargaining Agreement, there became due and owing to the Health and Pension Plans from Defendant TME benefit contributions in an unknown amount to be determined by a court-ordered audit for the period June 2001 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

12. Defendant TME's failure to permit and cooperate in the conduct of an audit by the Health and Pension Plans constitutes a violation of the Collective Bargaining Agreement.

13. Accordingly, Defendant TME is liable to the Health and Pension Plans as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period June 2001 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## SECOND CLAIM FOR RELIEF

14. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 13 hereof.

15. Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant TME is required, respectively, *inter alia*, to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Defendant TME's books and records for the period June 2001 through the present, including, but not limited to, all time books, payroll and wage records of the Employer for the purpose of ascertaining the amount of benefit contributions due the Health and Pension Plans from Defendant TME, and verifying the accuracy of the employer contribution reports filed by Defendant TME.

16. Accordingly, pursuant to the terms and conditions of the Collective Bargaining Agreement, the Health and Pension Plans demand an order directing Defendant TME to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of TME's books and records for the period June 2001 through the present.

## THIRD CLAIM FOR RELIEF

17. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 16 hereof.

18. Pursuant to the Contribution Collection and Payroll Audit Policy adopted by the trustees of the Health and Pension Plans, Defendant TME is obligated, *inter alia*, to pay the costs of the audit of their books and records if Defendant TME is found to owe delinquent contributions in excess of $500, or in the event that the employer refuses, resists or impedes any payroll audit by the Fund.

19. Upon information and belief, Defendant TME refused, resisted and/or impeded a payroll audit by the Plaintiff Health and Pension Plans.

20. Accordingly, Defendant TME is liable to the Plaintiff Health and Pension Plans as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action.

## FOURTH CLAIM FOR RELIEF

21. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 20 hereof.

22. Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant TME is required to permit and cooperate in the conduct of audit of Defendant TME's books and records for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

23. Upon information and belief, Defendant TME has failed to permit and cooperate in the conduct of an audit of TME's books and records, and is currently in breach of its obligations under the Collective Bargaining Agreement. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Collective Bargaining Agreement.

24. Plaintiffs have no adequate remedy at law to insure that Defendant TME will adhere to the terms of the Collective Bargaining Agreement.

25. Plaintiff Health and Pension Plans will suffer immediate and irreparable injury unless Defendant TME and its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

26. Accordingly, Plaintiff Health and Pension Plans request that this Court issue an injunction permanently enjoining Defendant TME, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreement.

**WHEREFORE,**

(1) Plaintiff Health and Pension Plans demands judgment on their First Claim for Relief against TME as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period June 2001 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(2) Plaintiff Health and Pension Plans demand judgment on their Second Claim for Relief an order directing Defendant TME to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of TME's books and records for the period June 2001 through the present;

(3) Plaintiff Health and Pension Plans demand judgment on their Third Claim for Relief against TME as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action; and

(4) Plaintiff Health and Pension Plans demand judgment on their Fourth Claim for Relief against TME permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by

personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreements.

Dated: New York, New York
      July 10, 2007

                                                **BARNES, IACCARINO, VIRGINIA,**
                                                **AMBINDER & SHEPHERD, PLLC**

By:   _____
              Charles R. Virginia, Esq. (CV 8214)
              111 Broadway, Suite 1403
              New York, New York 10006
              Office Tel. No.: (212) 943-9080
              *Attorneys for Plaintiffs*

U:\Winword Documents\District 6 Benefit Funds\Collections\TME\July 2007 Complaint.FINAL.doc