UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NEPHTY CRUZ AND MICHAEL BALLETTO,   :
as TRUSTEES OF THE DISTRICT 6       :
INTERNATIONAL UNION OF INDUSTRIAL, :
SERVICE, TRANSPORT AND HEALTH    :
EMPLOYEES HEALTH PLAN AND THE    :
DISTRICT 6 INTERNATIONAL UNION OF  :
INDUSTRIAL, SERVICE, TRANSPORT AND :
HEALTH EMPLOYEES PENSION PLAN,   :
                                   :
                   Plaintiffs,   :
                                   :
    - against -                 :
                                   :
TME BUILDING MAINTENANCE, INC.,    :
                                   :
                 Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case Number: 07 CIV 6393
(Judge Lynch)


**ANSWER**
**AND**
**AFFIRMATIVE DEFENSES**

Defendant, TME BUILDING MAINTENANCE, INC., by its attorneys, Snow Becker Krauss

P.C., as and for its Answer to each separately numbered paragraph of the Complaint and for its

affirmative defenses to the Complaint, respectfully alleges and states the following:

### NATURE OF THE ACTION

1.     To the extent that the allegations contained in paragraph "1" of the Complaint assert

legal conclusions or matters of law, Defendant is not required to respond thereto; as to the remaining

allegations of said paragraph, Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph "1" of the Complaint, except that Defendant

denies failing, refusing or neglecting to pay any required monetary contributions and denies violating

any collective bargaining agreement or violating ERISA.

## JURISDICTION

2.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint.

## THE PARTIES

3.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Complaint.

4.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5.　　Defendant admits that it is a corporation with its principal place of business as alleged in Paragraph "5" of the Complaint, but denies doing business in the State of New York and states that its authorization to do business in New York is "inactive."

## BACKGROUND

6.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint and begs leave to refer to the provisions of Plaintiffs' Plans for the precise terms thereof.

7.　　In response to the allegations contained in Paragraph "7" of the Complaint, Defendant states that it signed a series of collective bargaining agreements with the Union and begs leave to refer to the originals thereof for their precise terms.

8.　　In response to the allegations contained in Paragraph "8" of the Complaint, Defendant repeats and realleges its response to Paragraph "7".

9.　　In response to the allegations contained in Paragraph "9" of the Complaint, Defendant

admits that at various times it employed members of the Union who were covered by a collective bargaining agreement between Defendant and the Union, but denies that such relationship is continuing.

10.    Defendant denies the allegations contained in Paragraph "10" of the Complaint.

### IN RESPONSE TO THE FIRST CLAIM FOR RELIEF

11.    Defendant repeats and realleges the responses herein set forth to the allegations contained in Paragraphs "1" through "10" of the Complaint, which are incorporated by reference in Paragraph "11" of the Complaint. Defendant denies the remaining allegations contained in Paragraph "11" of the Complaint and states that it has paid to Plaintiffs' Plans all the contributions due based upon work performed by employees of the Defendant who were members of the Union and beneficiaries of the Plans.

12.    Defendant denies the allegations contained in Paragraph "12" of the Complaint.

13.    Defendant denies the allegations contained in Paragraph "13" of the Complaint.

### IN RESPONSE TO THE SECOND CLAIM FOR RELIEF

14.    Defendant repeats and realleges the responses hereinabove set forth to the allegations contained in Paragraphs "1" through "13" of the Complaint, which are incorporated by reference in Paragraph "14" of the Complaint.

15.    Defendant denies the allegations contained in Paragraph "15" of the Complaint, and begs leave to refer to the respective collective bargaining agreements for their precise terms.

16.    Defendant denies the allegations contained in Paragraph "16" of the Complaint.

### IN RESPONSE TO THE THIRD CLAIM FOR RELIEF

17.    Defendant repeats and realleges the responses hereinabove set forth to the allegations

contained in Paragraphs "1" through "16" of the Complaint, which are incorporated by reference in Paragraph "17" of the Complaint.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the alleged Policy of the trustees, and Defendant denies the allegations contained in Paragraph "18" of the Complaint that Defendant may owe contributions or has resisted an audit..

19.    Defendant denies the allegations contained in Paragraph "19" of the Complaint.

20.    Defendant denies the allegations contained in Paragraph "20" of the Complaint.

### IN RESPONSE TO THE FOURTH CLAIM FOR RELIEF

21.    Defendant repeats and realleges the responses hereinabove set forth to the allegations contained in Paragraphs "1" through "20" of the Complaint, which are incorporated by reference in Paragraph "21" of the Complaint.

22.    Defendant denies the allegations contained  in Paragraph "22" of the Complaint.

23.    Defendant denies the allegations contained  in Paragraph "23" of the Complaint.

24.    Defendant denies the allegations contained  in Paragraph "24" of the Complaint.

25.    Defendant denies the allegations contained  in Paragraph "25" of the Complaint.

26.    Defendant denies the allegations contained  in Paragraph "26" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27.    The Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28.    The claims for relief contained in the Complaint are barred in whole or in part by the applicable statute of limitations.

4

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29.    Defendant has paid to Plaintiffs Funds all the contributions it  was contractually obligated to pay on behalf of its employees who were members of the Union and covered by an appropriate collective bargaining agreement.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30.    In or about February 2006 the parties hereto settled any and all claims that Plaintiffs may have had against Defendant, including but not limited to the claims contained in the Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31.    In or about February, 2006, the parties hereto entered into an accord and satisfaction as to any and all claims that Plaintiffs may have had against Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32.    The claims for relief contained in the Complaint are barred in whole or in part by the doctrine laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33.    The claims for relief contained in the Complaint are barred by the doctrine of estoppel.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

34.    The claims for relief contained in the Complaint are barred by the doctrine of waiver.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35.    The claims for relief contained in the Complaint are barred by the doctrine

of unclean hands.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36.    In or about the summer of 2006, District 6 International Union of Industrial,

Service, Transport and Health Employees ("District 6" or the "Union") lost its status as the

collective bargaining representative of TME's employees.

37.    On or about June 8, 2006, the National Labor Relations Board conducted an

election among the employees of TME in the unit allegedly covered by the Collective Bargaining

Agreement referred to in Paragraph "7" of the Complaint.

38.    According to the Tally of Ballots cast at said election, District 6 did not receive

any of the votes cast. Of the thirty-nine ballots , a Teamster Union local received twenty nine votes

and an Intervening Union received ten votes.

39.    On or about August 23, 2006, the National Labor Relations Board formally

confirmed the aforesaid result of the election and issued a Certification of Representative declaring

that the International Brotherhood of Teamsters, Local 863 was the exclusive collective bargaining

representative of the employees.

40.    As a result of the foregoing facts, Plaintiffs lack standing and are barred from

asserting a portion of the claims alleged in the Complaint.

6

**WHEREFORE,** Defendant demands the following relief:

(a)     An order and judgment dismissing the Complaint in its entirety;

(b)     an order and judgment awarding Defendant all costs, expenses, disbursements and

fees, including reasonable attorneys' fees, incurred in opposing the Complaint; and

(c)     an order and judgment granting Defendant such other, further and different relief as

the Court deems just and proper.

Dated:     New York, New York
     September 27, 2007

SNOW BECKER KRAUSS P.C.
Attorneys for Defendant
*TME Building Maintenance, Inc.*

By: *Leonard WWagman*
     Leonard W. Wagman (LWW 0509)
          Counsel
605 Third Avenue, 25th Floor
New York, New York 10158
(212) 687-3860

TO:     Clerk of the Court

Charles R. Virginia, Esq. (CV 8214)
Barnes, Iaccarino, Virginia, Ambinder
     & Shephard, PLLC
Attorneys for Plaintiffs
111 Broadway - Suite 14033
New York, New York 10006
     (212) 943-9080

T:\LWW\TME Building\AnswerFinal.wpd