UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
NEPHTY CRUZ, et al.,                          :
                                              :
                    Plaintiffs,               :
                                              :   07 Civ. 6393 (GEL)
      -against-                               :
                                              :   **ORDER**
TME BUILDING MAINTENANCE, INC.,               :
                                              :
                    Defendant.                :
                                              :
------------------------------------------------------------x



GERARD E. LYNCH, District Judge:

     This action to enforce an employer's contribution to employee benefit plans has been marked by repeated defiance of discovery deadlines by defendant and its counsel. Discovery was originally to be completed by February 25, 2008. The fact discovery deadline was extended, at the parties' request, until May 27, 2008, and then again until August 27, 2008. On July 2, 2008, at plaintiffs' request, the Court held a discovery conference to address defendant's failure to provide documents that had been demanded by plaintiffs on March 3, 2008. At that conference, after initially contending that discovery proceeded slowly because his client was located "out of state" – meaning, in New Jersey – defense counsel conceded that he had let discovery "slide" but promised to complete the production of documents within two weeks. Following that conference, the Court entered an order requiring defendant to respond to the document request by July 18, 2008, or face sanctions.

     On August 18, 2008, counsel for plaintiffs wrote the Court, noting that while defendant had finally produced some documents, it had not responded to the bulk of the demands, and requested that various sanctions be imposed. Rather than comply with the document request or respond substantively to the plaintiffs' arguments, defense counsel responded on August 21, 2008, noting that he is "unable to provide a detailed response" to plaintiffs' letter because he has been "involved in meeting a court imposed deadline in another significant matter." The irony of defendant's counsel invoking a "court imposed deadline," in light of his utter disregard for deadlines imposed by this Court, apparently did not occur to counsel. Counsel requested until September 5, 2008, to submit a response, because he was leaving on August 22 for a vacation out of the country. Counsel's office has advised that he will be out of the office until after Labor Day. That vacation schedule is somewhat surprising, since the Court's scheduling order of June 3, 2008, clearly sets a conference for August 29, 2008, at 11:30 a.m., and defendant has not sought an adjournment. Evidently that court imposed date was not on counsel's radar screen.

Accordingly, it is hereby ORDERED:

1. Defendant shall respond to plaintiffs' demand for sanctions in writing to be received in chambers by 5:00 p.m. on September 4, 2008. No extensions of this deadline will be granted. If a response is not received by that time, plaintiffs' request for sanctions will be granted.

2. The conference previously set for August 29 is adjourned to September 5, 2008, at 10:00 a.m., at which time the Court will address plaintiffs' motion for sanctions on the record. No adjournments of this hearing will be granted.

SO ORDERED.

Dated: New York, New York
       August 27, 2008

                                                GERARD E. LYNCH
                                                United States District Judge